IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:20-CR-00016-M-3

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| ANTOINETTE CHARMANE BECTON, | ) | |
| Defendant. | ) | |

This matter comes before the court on a letter filed by Defendant, which has been construed as a pro se motion to modify her restitution payment schedule at her facility of incarceration [DE 217]. In an order on a similar motion filed by Defendant in July 2022, the court informed Defendant that if she were claiming that she had suffered (or will suffer) injury resulting from her IFRP payment schedule, she "must first exhaust any applicable administrative remedy(ies), then file the appropriate motion." DE 202. There, as here, Defendant is silent about whether she attempted to comply with her facility's grievance program or otherwise exhaust available administrative remedies. Instead, Defendant states that her "unit team staff" informed her that her request "needs approval by [her] sentencing judge." *See* DE 217.

On February 17, 2022, this court sentenced Defendant to a prison term of 166 months, four years on supervised release, and payments of a special assessment of $200 and restitution in the amount of $222,461.00. DE 175. The court ordered that if Defendant were unable to make these payments immediately, they "may be paid through the Inmate Financial Responsibility Program (IFRP)." *Id.* Further, the court ordered that Defendant "pay a minimum payment of $25 per quarter through the IFRP, if available." *Id.*

"A sentence imposing a restitution order is a final judgment that may not be modified absent one of several enumerated statutory exceptions." *United States v. Mathis*, No. 5:12-CR-319-FL-1, 2015 WL 3948270, at *2 (E.D.N.C. June 29, 2015) (citing *United States v. Bratton–Bey*, 564 F. App'x 28, 29 (4th Cir. 2014) and 18 U.S.C. § 3664(o)); *see also United States v. Grant*, 715 F.3d 552, 557 (4th Cir. 2013). Under § 3664(o), a sentence that imposes an order of restitution "can subsequently be . . . adjusted under section 3664(k)," which provides as follows:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C.A. § 3664(k). The Fourth Circuit has not addressed the application of § 3664(k) to requests to modify payments through the IFRP, but other courts have determined that § 3664(k) does not provide the sentencing court with authority to modify such payments. *See Mathis*, 2015 WL 3948270 at *3 (citing *United States v. Diggs*, 578 F.3d 318, 319–20 (5th Cir. 2009)). In *Diggs*, the court found that a sentencing court may modify a payment schedule under § 3664(k) only if the schedule were fashioned by the defendant or the court. 578 F.3d at 319-20. When a defendant disputes payments made under the IFRP, "such a matter must be brought under [28 U.S.C.] § 2241." *Id.* at 320.

In other words, "a motion under § 2241, filed in the district of incarceration, following exhaustion of administrative remedies, provides the appropriate vehicle for seeking modification of IFRP payments." *Mathis*, 2015 WL 3948270 at *3 ("Defendant, in effect, seeks to have the court order BOP to execute her sentence differently, by modifying payments made through the

IFRP. Such a claim challenging the execution of a fine or restitution order properly is construed as a petition for habeas corpus relief under 28 U.S.C. § 2241.").

Accordingly, Defendant's motion is DENIED WITHOUT PREJUDICE. If Defendant desires to proceed with her claim, she must exhaust all available administrative remedies before filing a petition pursuant to 28 U.S.C. § 2241 in her district of incarceration. Defendant's most recent correspondence and the federal inmate locator reflect that Defendant is incarcerated at FPC Alderson in West Virginia. *See* DE 217-1; https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited May 18, 2023).

SO ORDERED this 19th day of May, 2023.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE